IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60747-RKA

GBX TECHNOLOGY, LLC.

    Plaintiff

Vs

DLA PIPER LLP (US), DLA PIPER LLP
(CANADA), VINCENT MAN,
JENNIFER E. LACROIX, ALAN MACEK,

    Defendants.

_____/

## MOTION FOR EXTENSION OF TIME FOR SERVICE OF COMPLAINT

Plaintiff GBX Technology, LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 4(m), hereby moves this Court for the entry of an Order extending the time for service of the complaint on Defendants DLA Piper LLP (US), Jennifer Lacroix (the "US Defendants") for a period of 30 days, and Defendants DLA Piper LLP (Canada), Vincent Man, and Alan Macek (the "Canadian Defendants") for a period of 75 days. In support of this Motion, Plaintiff refers the Court to the memorandum below:

### SUPPORTING MEMORANDUM

Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint shall be served on a defendant within 90 days after the filing of the complaint. If the deadline is not met, the Rule allows for the Court to direct that service be effective within a specific time. The Complaint in this action was filed on April 10, 2020. Defendants have not yet been served and, under Rule 4(m), the deadline to serve the Defendants is July 9, 2020.

Plaintiff respectfully requests an extension of time in which to serve Defendants. Plaintiff makes this request in good faith and has good cause for the request it seeks. Plaintiff has attempted to serve Defendants, however, due to the current pandemic, offices are closed and there are a myriad of economic disruptions. In addition, undersigned counsel for Plaintiff has been quarantined in Central America during the pandemic, unable to return to the United States due to border closures, and has been working remotely with frequent business interruptions including, but not limited to, power outages, phone outages, and internet outages. Plaintiff has requested a waiver of service on the US Defendants DLA Piper LLP (US) and Jennifer Lacroix, by and through their retained counsel David Keller, Esq. of Keller Landsberg PA. Plaintiff is currently seeking means to engage the Canadian Defendants to request a waiver of service as well.

In addition, the statute of limitations on Plaintiff's claims against Defendants may have run. The statute of limitations on Plaintiff's claims is prescribed by Fla. Stat. § 95.11(4)(a), which provides that a complaint for legal malpractice must be filed within two years after the right of action first accrued. The events involved in this action occurred in April 2018. If Plaintiff is not allowed an extension of time in which to serve the Defendants, the claims may likely be time barred.

In 2005, the Eleventh Circuit upheld the denial of a defendant's motion to dismiss the complaint after the plaintiff failed to timely serve it with process. *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005). Although the trial court ultimately found that the failure of service was a mistake, it noted that dismissing the complaint, even without prejudice, would foreclose the plaintiff's claims because the statute of limitations had run. *Id.* At 1130, 1133. In affirming the district court's decision, the Court held that Rule 4(m) grants discretion to the district court to extend time for service of process even in the absence of a showing of good cause, and

noted that a barring of claims by the statute of limitations would justify allowing an extension for service of process. *Id.* At 1132-1133. *See also Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277 (11th Cir. 2007) (holding that even absent a showing of good cause for failure to timely serve process, the district court must still consider whether other circumstances warrant an extension of time).

Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order allowing Plaintiff an additional 30 days, through and including August 10, 2020, to serve the US Defendants and an additional 75 days, through and including September 22, 2020, to serve the Canadian Defendants. Plaintiff respectfully submits that due to the fact that the Canadian Defendants reside in another jurisdiction, the waiver of service process would allow the Canadian Defendants up to 60 days to respond to the request for waiver of service.

The undersigned certifies that counsel for Defendants DLA Piper LLP (US) and Jennifer Lacroix has been informed of Plaintiff's intent to file this Motion. Neither the US Defendants nor the Canadian Defendants will suffer prejudice from the requested extension of time.

WHEREFORE, Plaintiff GBX Technologies, LLC respectfully requests that the Court grant it an extension of time up to and including August 10, 2020, to serve the US Defendants and an additional 75 days, through and including September 22, 2020, to serve the Canadian Defendants.

Dated: July 9, 2020

                                                    Respectfully Submitted,

                                                    Joycelyn S. Brown, Esq.
                                                    **IPS Legal Group, P.A.**
                                                    1951 NW 7th Ave
                                                    Suite 600
                                                    Miami, Florida 33136
                                                    Email: jbrown@ipslegalgroup.com
                                                    Phone: 786-539-5098