IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60747-RKA

GBX TECHNOLOGY, LLC,

    Plaintiff,

vs.

DLA PIPER LLP (US), DLA PIPER LLP
(CANADA), VINCENT MAN, JENNIFER
E. LACROIX, ALAN MACEK,

    Defendants.
_____/

**DEFENDANTS DLA PIPER LLP (CANADA) AND ALAN MACEK'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure Rules 12(b)(2) (lack of personal jurisdiction), 12(b)(6) (failure to state a claim), and Local Rule 7.1, Defendants DLA Piper LLP (Canada) ("DLA Canada") and Alan Macek ("Macek") (collectively, the "DLA Canada Defendants") move to dismiss Plaintiff's Complaint [ECF No. 1].

### I.    INTRODUCTION

On April 10, 2020, GBX filed a Complaint against Defendants for legal malpractice, tortious interference with a business relationship, and breach of fiduciary duty. The Complaint is devoid of any allegations whatsoever that would support personal jurisdiction over the DLA Canada Defendants. None of the DLA Canada Defendants have offices in Florida, conduct any business in Florida and or provided any legal services in Florida. They took no actions in connection with GBX in Florida, nor did they purposefully direct any activity to GBX in Florida. The DLA Canada Defendants provided the legal services at issue out of their Ontario, Canada office. The only connection to Florida is that GBX's principal place of business is allegedly in

{9112398: }

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 2 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

Fort Lauderdale, Florida, and GBX's current counsel has an office in Miami, Florida.  By suing Defendants in Florida, GBX ignores the dictates and requirements of Florida's long-arm statute and applicable law, as well as the DLA Canada Defendants' constitutional due process rights.  DLA Canada's Retainer letter with GBX states that the terms of the engagement are governed by the laws of Ontario and federal laws of Canada, and that <u>any</u> dispute between the parties will be dealt with exclusively in the courts of Ontario, and that GBX agrees to the jurisdiction of such courts.

In Addition, the Complaint fails to state a cause of action.  On its face, much (if not all) of the conduct alleged to constitute legal malpractice occurred more than two years prior to the filing of the Complaint and is barred by the applicable statute of limitations.  In addition, Plaintiff fails to allege any facts that would satisfy the plausibility standard and show the Court precisely how Plaintiff suffered any damage as a result of the conduct of Defendants.  Plaintiff summarily alleges that it suffered "emotional and financial damage" as a result of the conduct complained of, but pleads no facts to support this.  This conclusory legal conclusion is insufficient to survive a motion to dismiss.

## II.     FACTUAL BACKGROUND[1]

### A.     Parties

GBX is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida.  [ECF No. 1, ¶ 1].  Prior to any of the Defendants having been served, the Court *sua sponte* challenged whether there is complete diversity between the parties and whether this Court has subject matter jurisdiction.  Subsequently, Plaintiff filed its Notice of Voluntary

---

[1] For purposes of this motion to dismiss, the factual background is drawn largely from the Complaint.  However, the DLA Canada Defendants do not admit the allegations of the Complaint.

Case 0:20-cv-60747-RKA Document 24 Entered on FLSD Docket 09/25/2020 Page 3 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

Dismissal With Prejudice as to Defendants DLA Piper US and Jennifer Lacroix. This leaves only DLA Canada, Alan Macek and Vincent Man as Defendants.

Attorneys Alan Macek and Vincent Man are Canadian citizens. Mr. Macek is a partner with DLA Canada and Mr. Man was formerly employed there. Plaintiff served DLA Canada and Mr. Macek by delivering the Summons and Complaint by courier. As of the date of this filing, Plaintiff has not served Mr. Man. This motion is filed on behalf of DLA Canada and Mr. Macek.

**B.     The Joint Retention**

In or about 2015, Giancarlo Bregante ("Bregante"), the principal owner and Chief Executive Officer of GBX, who resides in Sunrise, Florida,[2] invented certain wireless inventory technology (hereinafter the "Invention"). *Id.* at ¶ 12. GBX had an agreement with Christie Lites that GBX would be the primary inventor of the Invention and Christie Lites would be financially responsible for all legal fees associated with preparing and filing patent applications. *Id.* at ¶¶13-15. In April 2016, GBX and Christie Lites travelled to Toronto, Canada to meet with Mr. Man, and jointly retained Man, who at the time was an attorney with Dimock Stratton in Canada, to prepare and file patent applications relating to the Invention. *Id.* at ¶¶ 13-14; *Macek Declaration ¶ 11*. In September 2016, Dimock Stratton combined with DLA Canada, and the Representation was transferred from Dimock Stratton to DLA Canada. *Id.* at ¶ 17. According to the retainer agreement between GBX and DLA Canada ("DLA Retainer Agreement"), GBX agreed that Man and DLA Canada would continue to jointly represent GBX and Christie Lites. *Id*. at ¶¶ 17-18. The DLA Retainer Agreement contains the following provision:

> 15.     Governing Law and Attornment

---

[2] [ECF No. 9, ¶ 2].

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 4 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

> The terms of our engagement with you is governed by the laws of Ontario and the federal laws of Canada.  Any dispute between us will be dealt with exclusively in the courts of that Ontario and you agree to attorn to the jurisdiction of such courts.

*See Exhibit A.*

### C. The Patent Application

On February 8, 2017, DLA Canada filed a patent application with the Canadian Patent Office.  *Id.*, at ¶ 19.   That same day, Jennifer Lacroix, a DLA Piper-US attorney who has now been dismissed with prejudice from this case, filed Patent Application No. 15/427752 ("Patent Application) with the United States Patent and Trademark Office ("USPTO") from her Illinois office.  *Id.* at ¶¶ 5, 19. The Patent Application was filed on behalf of ***joint owners*** of the Invention CHRISTIE LITES ENTERPRISES CANADA, INC. and GBX TECHNOLOGY LLC.

On February 16, 2017, the USPTO issued a Notice to Correct Application Papers relating to the Patent Application.  *Id.* at ¶ 25.  On April 12, 2017, Lacroix, again from her Illinois office, filed revised drawings and a revised specification in response to the Notice to Correct Application Papers.  *Id.* at ¶ 26.

### D. GBX's Assignment of Patent Rights to Christie Lites and the Termination of DLA's Representation of GBX

In or about March 2018, Christie Lites asked GBX to assign all patent rights to Christie Lites until the Invention became profitable.  *Id.* at ¶ 27.  GBX retained another attorney, Andrew Obiedy ("Obiedy"), to independently review that proposal and negotiate the assignment terms with Christie Lites.  *Id*.  In or about April 2018, Macek, a DLA Canada partner, took over the file at DLA Canada.  *Id.* at ¶ 28.  On April 11, 2018, Obiedy contacted Macek to discuss GBX's assignment of patent rights to Christie Lites, and raised concerns about DLA Canada not

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 5 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

effectively communicating with GBX and a purported conflict of interest.  *Id.* at ¶ 29.  On that same day, Macek terminated DLA Canada's Representation of GBX.  *Id.* at ¶ 30.

      E.      **Events After the Termination of DLA's Representation of GBX**

GBX retained yet another law firm, IPS Legal Group, P.A. ("IPS"), to represent GBX before the USPTO regarding the Patent Application.  *Id.* at ¶ 35.  IPS requested that it be permitted to apply for a joint customer number with the USPTO so that both DLA-US and IPS could equally represent the interests of Christie Lites and GBX before the USPTO, respectively.  *Id.* at ¶ 39.  "Pursuant to the terms and conditions of the agreement **between Christie Lites and GBX**, GBX needed **Christie Lites' permission** to file a continuation application."  *Id.* at ¶ 45 (emphasis added).  Macek did not agree to proceed with a joint representation with IPS before the USPTO.  *Id*. at ¶ 39.  Macek provided GBX's successor counsel with a copy of revised drawings that were submitted in response to the Notice to File Corrected Application Papers, but directed IPS "to direct all requests regarding the patent files to" Christie Lites' business attorney, Richard Whitaker.  *Id.* at ¶¶ 38, 40.

On July 9, 2018, IPS filed a Petition to Inspect the File for the Patent Application with the USPTO, which the USPTO denied "***because Christie Lites did not approve the request***."  *Id.* at ¶ 42 (emphasis added).  On July 31, 2018, Macek communicated to IPS that neither DLA-US, DLA Canada, nor Christie Lites would proceed with prosecuting the patent applications with the USPTO, the Canadian Patent Office, or the UK Patent Office.  *Id.* at ¶¶ 43, 44, 46.  However, GBX acknowledges that it needed **Christie Lites' permission** (not Macek's or DLA Canada's permission) to file a continuation application, per an agreement between those two parties.  *Id.* at ¶ 45.  Furthermore, "the response to the USPTO Office Action was due on August 2, 2018

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 6 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

(without penalty and prejudice)," and "GBX filed a continuation of" the Patent Application, which was ultimately abandoned.  *Id.* at ¶¶ 44, 47.

### F.  Summary of GBX's Claims

GBX sued Defendants as follows: (a) Attorneys Man, Lacroix, and Macek for Professional Negligence; (b) DLA Canada and DLA-US for Professional Negligence under a respondeat superior theory; (c) DLA Canada for breach of contract; (d) DLA-Canada for tortious interference with a business relationship between GBX and Christie Lites; and (e) DLA-Canada and DLA-US for breach of fiduciary duty under an apparent agency theory.

### III.  MEMORANDUM OF LAW

### A.  Standard for Motion to Dismiss.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 12(b)(6) provides as a ground for dismissal "failure to state a claim upon which relief can be granted... ."  Historically, the test applied by Courts in ruling on a 12(b)(6) motion to dismiss was set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), stating, under Rule 8, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46.  The Supreme Court however heightened this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The Supreme Court replaced the "no set of facts" standard with a "plausibility" or "heft" standard. *Twombly*, 550 U.S. at 561.

Twombly requires plaintiffs to provide "factual allegations" that are "enough to raise a right to relief above the speculative level" and to "nudge their claims across the line from conceivable to plausible" to survive dismissal. *Id*. at 555, 570.  Two years later, the Supreme

Case 0:20-cv-60747-RKA Document 24 Entered on FLSD Docket 09/25/2020 Page 7 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

Court further developed this standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), highlighting two principals from *Twombly*: (1) legal conclusions are not to be accepted as true, and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-679. Whether a claim is plausible depends on whether there is sufficient "factual content" to allow the district court to reasonably infer liability. *Id* at 678

      B.      **The Court Lacks Personal Jurisdiction over DLA-Canada and Macek.**

All claims against DLA Canada and Macek should be dismissed because the Court lacks personal jurisdiction over them. Federal courts sitting in diversity jurisdiction undertake a two-step inquiry in determining whether personal jurisdiction exists. *Auf v. Howard Univ.*, 2020 WL 1452350 at *5, Case. No. 19-22065-CIV-SMITH (Mar. 25, 2020). First, federal courts must examine whether the state long-arm statute – in this case, Florida Statute Section 48.193 (the "Long-Arm Statute") – provides jurisdiction over the nonresident defendant, and the statute is to be construed as it would be by the state's supreme court. *Id.*; *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *Schwab v. Hites*, 896 F. Supp. 2d 1124, 1131 (M.D. Fla. 2012); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Florida's Long-Arm Statute is to be **strictly construed** and the party invoking jurisdiction has the burden of pleading and proving facts which justify the exercise of personal jurisdiction. *W.C.T.U. Ry. Co. v. Szilagyi*, 511 So. 2d 727, 728-30 (Fla. 3d DCA 1987).

Second, if the requirements of the Long-Arm Statute are satisfied, the Court must then determine "whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements" of the Fourteenth Amendment to the United States Constitution. *Auf*, 2020 WL 1452350, at *5; *Venetian Salami*, 554 So. 2d at 502. Determining whether jurisdiction is appropriate under the Long-Arm Statute is a separate inquiry from determining whether

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 8 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

exercising personal jurisdiction comports with due process – both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.  *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 859 (11th Cir. 2013); *Netsurion, LLC v. Asurion, LLC*, 2019 WL 27116236, Case No. 19-CIV-60898-RAR (S.D. Fla. June 28, 2019).

To determine whether a defendant is subject to the Court's jurisdiction, a complaint must allege sufficient facts that meet the pleading requirements in Federal Rule of Civil Procedure 8.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  Conclusory statements are afforded no credence.  *Iqbal*, 556 U.S. at 664.  DLA Canada and Macek have submitted a supporting Declaration factually denying and challenging both specific and general jurisdiction, thereby shifting the burden to GBX to not merely allege, but *to prove* – through affidavits, testimony, or other documents – that this Court can exercise personal jurisdiction over them.  *Argos Global*, 2020 WL 1166719, at *8.

DLA Canada has its principal place of business in Toronto, Canada.  [ECF No. 1, ¶ 3].  Mr. Macek is a Canadian citizen engaged in the practice of law in Canada and took no actions in connection with GBX in Florida, and did not purposefully direct his activities to GBX in Florida.  They provided the legal services at issue out of their Toronto, Canada office.  The DLA Canada Defendants did not engage in *any* acts in Florida that satisfy the jurisdictional requirements.  *Auf v. Howard Univ.*, 2020 WL 1452350 at *5, Case. No. 19-22065-CIV-SMITH (S.D. Fla. Mar. 25, 2020).

Neither in the Counts for professional negligence or breach of fiduciary duty against DLA Canada does GBX *link* these causes of action to Florida.  Instead, on the face of the Complaint, and accepting the allegations as true, GBX's claims are only linked to Illinois and Canada.

Case 0:20-cv-60747-RKA Document 24 Entered on FLSD Docket 09/25/2020 Page 9 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

1. **No Personal Jurisdiction Exists over the DLA Canada Defendants under Florida's Long-Arm Statute.**

Florida's Long-Arm Statute provides for two forms of personal juridiction: (1) specific and (2) general. Fla. Stat. §§ 48.193(1) and (2). ***Specific*** jurisdiction exists where a defendant's activities or actions which are the subject of the suit are directly connected to the forum state. *Argos Global*, 2020 WL 1166719, at *7. ***General*** jurisdiction "is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose." *Id.* The Complaint does not support the exercise of personal jurisdiction over the DLA Canada Defendants on either ground.

a. **The DLA Canada Defendants Not Subject to *Specific* Jurisdiction.**

For an act to provide a basis for specific personal jurisdiction over the foreign defendant, the act itself must give rise to the cause of action. §48.193(1)(a). In determining whether Plaintiff's claims arise out of or relate to one of Defendants' contacts with Florida, a Court must look to the "'affiliation between the forum and the underlying controversy,'" focusing on an "'activity or an occurrence that [took] place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, --- U.S. ---, 137 S. Ct. 1773, 1780, 198 L.E.2d. 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L.E.2d 796 (2011)). The "primary concern" in determining whether personal jurisdiction is present is "the burden on the defendant." *Id.* (citations omitted).

The Complaint does not identify any of the enumerated categories under Florida's Long-Arm Statute that warrant ***specific*** personal jurisdiction over Defendants. The only purported basis for asserting jurisdiction is a conclusory allegation that the "acts giving rise to the claim took place in the Southern District of Florida" [ECF No. 1, ¶ 9]. There are no separate personal

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 10 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

jurisdiction allegations whatsoever *linking* Plaintiff's causes of action against Defendants to Florida.

Although not alleged in the Complaint, GBX may argue that Defendants committed a tort in Florida.  Under § 48.193(1)(a)2, jurisdiction may be exercised where the cause of action "aris[es] from . . . [c]omitting a tortious act *within this state*."  (Emphasis added).  For this Court to exercise personal jurisdiction over Defendants, the allegedly tortious conduct by Defendants "into Florida" identified in the Complaint must give rise to Plaintiff's malpractice claim against Defendants.  *See Wendt*, 822 So. 2d at 1260; *Auf v. Howard Univ.*, 2020 WL 1452350 at *7, Case. No. 19-22065-CIV-SMITH (S.D. Fla. Mar. 25, 2020) (dismissing Plaintiff's Amended Complaint for lack of personal jurisdiction and venue, finding that alleged duties of care and breach of those duties did not occur in Florida).

Under Eleventh Circuit precedent, a tort arises out of or relates to the defendant's *activity in a state* only if the activity is a "but-for" cause for the tort.  *Waite*, 901 F.3d at 1314 (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)).  Defendants did not commit any acts or activities *in Florida* that could be reasonably construed as but-for causes of Plaintiff's alleged harm.  All of the Defendants' legal representation that forms the basis for Plaintiff's claims occurred outside of the state of Florida – in Canada.

The allegations of the Complaint aimed at DLA Canada and Mr. Macek demonstrate that there is no connection to Florida and that the DLA Canada Defendants did not direct their activities to the State of Florida.  GBX alleges that Mr. Macek took over the file from Mr. Man in April 2018 and failed to inform GBX.  In April, GBX's new counsel contacted Mr. Macek and raised concerns about conflicts of interest.  On April 11, 2018, Mr. Macek immediately terminated the representation of GBX.  *Complaint ¶ 30.* Mr. Macek allegedly declined to provide

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 11 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

GBX a copy of the patent wrapper.  None of these actions, or any of the conduct alleged against the DLA Canada Defendants in paragraphs 30-47 of the Complaint occurred in Florida, nor do they (even accepting them as true) establish a basis for personal jurisdiction in Florida.[3]  The bottom line is that there is no act alleged by DLA Canada or Macek that has any connection to Florida.

GBX does not allege that Defendants operated or conducted business in Florida, let alone any business that had *any connection* to Plaintiff's causes of actions.  The alleged actions/inactions GBX complains of all arose out of Defendants providing legal services in Canada or Illinois.  Attorney Lacroix worked out of DLA-US's Chicago office.  The drafting, preparing, and filing of the patent application for the Invention was done in Lacroix's office in Chicago, with respect to the U.S. patent.  At no time did Defendants travel to Florida for any

---

[3] Even if GBX had alleged that any Defendants had communicated with it while Defendants were outside of Florida and GBX was in Florida, that would still be insufficient to establish a basis for jurisdiction. Mere contact and communications between an attorney and a Florida client does not create long-arm jurisdiction – if that were the case, "virtually any lawyer who communicated with a Florida resident regarding legal advice could be sued for legal malpractice in Florida." *Hirsch v. Weitz*, 16 So. 3d 148, 151 (Fla. 4th DCA 2009) (reversing trial court order denying dismissal of legal malpractice action, holding that any malpractice claim accrued in New York where, *inter alia*, the necessary legal work was performed, rather than in Florida); *see also American Torch Tip Co. v. Dykema Gossett PLLC*, 2011 WL 3171811, No. 8:11-CV-0202-T-23EAJ (M.D. Fla. July 8, 2011), *report and recommendation adopted*, 2011 WL 3170282 (M.D. Fla. July 27, 2011) (lawyer's communications into Florida and two trips to Florida in the course of representing plaintiff was insufficient to subject defendant attorney to personal jurisdiction under Long-Arm Statute); *see also see also Koock v. Sugar & Felsenthal LLP*, 2010 WL 1223794, No. 8:09-CV-609-T-17EAJ (M.D. Fla. Mar. 25, 2010) (Illinois law firm's communications with the manager of alleged Ponzi scheme through phone, email, and mail did not satisfy Florida's long arm statute's provision for specific jurisdiction over persons committing torts within the state; the communications themselves were not the tort and, thus, the tort did not arise from the communications); *Sculptchair, Inc., v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996); *Auf*, 2020 WL 1452350, at *6; *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1322 (S.D. Fla. 2009); *Gulf Atl. Transp. Co. v. Offshore Tugs, Inc.*, 740 F. Supp. 823, 830-31 (M.D. Fla. 1990); *Tinsley v. BP Corp. N. Am., Inc.*, 112 F. Supp. 3d 1253, 1259 (N.D. Ala. 2015).

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 12 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

purpose in connection with the legal services at issue in GBX's malpractice claim.  Macek Decl., ¶ 10.

### b.  No General Jurisdiction in Florida.

The DLA Canada Defendants are not subject to general jurisdiction in Florida.  Section 48.193(2) of Florida's long-arm statute sets forth the requirements for general jurisdiction over a defendant: "A defendant who is engaged in ***substantial and not isolated activity within this state***, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."  § 48.193(2), Fla. Stat. (emphasis added).  "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment."  *Fraser v. Smith*, 594 F.3d 842 (11th Cir. 2010).  Thus, with respect to general jurisdiction under the long-arm statute, the Court need only determine whether the exercise of general jurisdiction over Defendants would exceed constitutional bounds.  *Id.*; *Argos Global*, 2020 WL 1166719 at *8; *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).  The United States Supreme Court has decided two cases – *Goodyear* and *Daimler*[4] – "that raise the bar even higher for general jurisdiction."  *Fincantieri-Cantieri Navali Italiani S.P.A. v. Yuzwa*, 241 So. 3d 938, 944 (Fla. 3d DCA 2018).

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear*, 564 U.S. at 924, 131 S. Ct. at 2854 (citations omitted).  In this case, Macek was at the time of the alleged causes of action, and still is, domiciled in

---

[4] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2854 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014).

Case 0:20-cv-60747-RKA Document 24 Entered on FLSD Docket 09/25/2020 Page 13 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

Toronto, Canada. Macke Decl., ¶2. Thus, this Court does not have general personal jurisdiction over him.

With respect to a corporation or partnership, such as DLA Canada, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919, 131 S. Ct. at 2851 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317 (1945)); *see Daimler*, 571 U.S. at 127, 134 S. Ct. at 754. The Supreme Court in *Daimler* explained that a company typically will be subject to general personal jurisdiction **only in the forum where it is incorporated or where it has its principal place of business** – "paradigm all-purpose forums." *Daimler*, 134 S. Ct. at 760-61, n. 19. "Those affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable." *Id*. at 760.

The *Daimler* Court noted that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 761, n.19. However, "[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum **closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business**." *Carmouche*, 789 F.3d at 1205. The fact that a defendant does **some business** in the forum state **does not suffice to meet the stringent requirements for establishing general jurisdiction**. *See, e.g., BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017).

Plaintiff does not allege any connections between DLA Canada and Florida that are "so continuous and systematic" to render it "essentially at home" in Florida. *Daimler*, 134 S. Ct. at

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 14 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

761; *Goodyear*, 131 S. Ct. at 2851.  DLA Canada is not incorporated in Florida, and does not have its principal place of business in Florida.  Accordingly, the DLA Canada Defendants are not subject to general jurisdiction in Florida because they are not "at home" here.

### 2. Exercising Personal Jurisdiction Over Defendants Violates Due Process.

GBX's failure to establish specific or general personal jurisdiction under the Long-Arm Statute ends the inquiry of whether this Court can exercise personal jurisdiction over the DLA Canada Defendants.  *Waite*, 901 F. 3d at n. 2 ("Because we conclude that the plaintiffs' claims do not arise out of or relate to at least one of Union Carbide's contacts with Florida, we need not address whether Union Carbide purposefully availed itself of the privilege of conducting activities in Florida or whether the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."); *See Melgarejo*, 537 Fed. App. at 862.

Nonetheless, exercising personal jurisdiction over these Defendants would also violate the due process requirements of the Fourteenth Amendment to the United State Constitution *Auf*, 2020 WL 1452350 at *5; *Venetian Salami*, 554 So. 2d at 502.  Jurisdiction may be exercised over a nonresident defendant only if the nonresident "maintains certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Id*. (internal quotations omitted); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Pres-Kap, Inc. v. Sys. One, Direct Access, Inc.*, 636 So. 2d 1351, 1352 (Fla. 3d DCA 1994).

The "constitutional touchstone" of this analysis is whether a defendant "purposely avail[ed] itself of the privilege of conducting activities" within the forum state, *Hanson v.*

Case 0:20-cv-60747-RKA Document 24 Entered on FLSD Docket 09/25/2020 Page 15 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

*Denckla,* 357 U.S. 235, 253 (1958), thereby invoking "the benefits and protections of the laws of that state." *International Shoe,* 326 U.S. at 319; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 465 (1985). DLA Canada and Macek did not purposefully avail themselves of the privilege of conducting activities in Florida in connection with GBX's claim. They could not have anticipated being sued by GBX in Florida. *Id.*

There were no meetings or other contacts that took place between GBX and any of the DLA Canada Defendants in Florida. However, even having a few actual contacts in the forum state does not, in and of itself, satisfy due process requirements – the contacts must be more than random and attenuated to support a finding of minimum contacts with the forum state. *See, e.g., Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 Fed.Appx. 871, 875-76 (11th Cir. 2018) (affirming dismissal of legal malpractice action for lack of personal jurisdiction in federal court in Georgia, finding that events and contacts giving rise to the litigation occurred, on the whole, in either New York or Florida; the initial contact between the client and law firm, one litigation preparation meeting, and the taking of one deposition in Georgia over the course of a multi-year presentation in a case before another district were not sufficient contacts to subject defendants to jurisdiction in Georgia);[5] *see also Meyer Werft GmbH & Co., KG v. Humain*, 2020 WL 2176573 at *3, No. 3D19-1737 (Fla. 3d DCA May 6, 2020) (holding that trial court erred in denying defendant's motion to dismiss for lack of personal jurisdiction because plaintiff failed to establish minimum contacts necessary for Florida courts to exercise general or specific jurisdiction).

---

[5] There were many more contacts between the plaintiff and defendants in *Rowe* than in this case, and the Eleventh Circuit nonetheless held that exercising specific jurisdiction over defendants would violate Due Process.

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 16 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

    **C.**    **FAILURE TO STATE A CLAIM**

    **1.**    **GBX's Claims Against the Defendants Are Time-Barred.**

In its Motion for Extension of Time for Service of Complaint [ECF No. 13], GBX states, "The statute of limitations on Plaintiff's claims is prescribed by Fla. Stat. § 95.11(4)(a), which provides that a complaint for legal malpractice must be filed within two years after the right of action first accrued." *Id.*  GBX does not state any basis for the application of Florida substantive law to its claims against Defendants.  The retainer letters between Dimmock Stratton and GBX, and subsequently between DLA Piper (Canada) LLP and GBX both provide that the laws of Ontario governed the terms of the engagement.  Copies of those Retainer Letters are attached as **Exhibits** A and B, respectively.  Furthermore, the substantive law that should apply is either Illinois or Toronto because the defendant attorneys and law firms were located there and their legal representation took place there.  *Oak Forest Products, Inc.*, 2012 WL 13001376 at *4, Case No. 12-14096-CIV-MARTINEZ-LYNCH (Aug. 7, 2012) (federal court legal malpractice action applying substantive law of state in which attorney and law firm were located).

Whether the substantive law of Florida, Illinois, or Canada apply, GBX's claim for legal malpractice is time-barred because all statutes of limitation require the malpractice claims to be brought within two years.  *See* 735 ILCS 5/13-214.3 (Under Illinois law, the statute of limitations for a legal malpractice claim is also two years beginning from the time that the legal malpractice was known or reasonably should have been known by the injured client; Limitations Act, 2002, c. 24, Sched. B, s. 4 (The limitations period in Ontario, Canada is two years: "Unless this Act provides otherwise, a proceeding shall not be commenced in respect of a claim after the second anniversary of the day on which the claim was discovered.").

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 17 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

Even based upon GBX's assertion that Florida's statute of limitations applies, that period began to run from the time GBX's cause of action accrued. § 95.031, Fla. Stat.; *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 39 (Fla. 2009); *Robbat v. Gordon*, 771 So. 2d 631, 634 (Fla. 4th DCA 2000).  For legal malpractice actions, the statute of limitations runs "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." § 95.11(4)(a), Fla. Stat.; *Larson & Larson, P.A.*, 22 So. 3d at 39; *Arrowood Indem. Co.,* 134 So. 3d at 1082.  Stated another way, the question of when a cause of action for legal malpractice accrues typically hinges upon when the redressable harm or injury occurred. *Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990).  In a transactional-based legal malpractice suit, "where the redressable harm 'need not depend upon the outcome of any litigation,' [Florida] courts still apply the traditional rule that a malpractice action accrues when it is reasonably clear that the client has actually suffered some damage from legal advice or services." *FBK Assoc. v. Suntrust Bank*, No. 13-CV-20156, 2014 WL 12514898, at *5 (S.D. Fla. January 17, 2014).  The accrual of a cause of action for legal malpractice does not depend on the *extent* of the loss or damages being known at that time, only that the plaintiff has been damaged. *Kellermeyer v. Miller*, 427 So. 2d 343, 346 (Fla. 1st DCA 1983) (holding that "[a]lthough the exact amount of appellant's damages might not have been foreseen at that time [suit was filed], this is not the test").

Even a cursory review of the Complaint demonstrates that the claims are time-barred.  On its face, the Complaint alleges acts that allegedly constitute legal malpractice which took place more than two years prior to filing.  The alleged failure to communicate with GBX regarding the Notice to Correct Application Papers are alleged to have occurred ***prior to the filing*** of revised drawings and specifications filed on April 12, 2017 – nearly three years prior to GBX filing its

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 18 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

Complaint.  [ECF No. 1, ¶¶ 26, 47].  The alleged deficiencies in the response to the Notice to Correct Application Papers were filed on April 12, 2017 – nearly three years prior to GBX filings its Complaint.  [ECF No. 1, ¶¶ 26, 47].

One of GBX's main complaints is that Man refused to communicate with GBX directly about the patent process, status of patent applications, or answer legal questions, and instead preferred to communicate solely with Christie Lites, which created a potential conflict of interest in the Representation.  (*Id.* at ¶¶ 21-23, 26).  The time period of this alleged refusal of Man to communicate with GBX was from February 2017 through January 2018 (*id*. at ¶ 21) – more than two (2) years before GBX filed its Complaint.  GBX alleges it raised its concerns regarding the lack of communication and conflict of interest "numerous times with both Christie Lites and Defendant Attorney Man, but those concerns were dismissed as the Representation continued." *Id.* at ¶ 24.

Man left DLA Canada on or about April 9, 2018, more than two years prior to the filing of the Complaint.  Mr. Macek advised GBX that DLA Canada would no longer represent GBX on April 11, 2018, also more than two years prior to the filing of the Complaint.

> 2. **GBX Has Not Stated Plausible Claims Against The DLA Canada Defendants.**

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice to survive a motion to dismiss." *Cordero v. Transamerica Annuity Service Corp.,* 2020 WL 1672501, CASE NO. 18-cv-21665 (S.D. Fla. 2020).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 19 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.:  20-cv-60747-RKA

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the Courts have noted:

> In a plausibility inquiry, a district court is to apply a two-step approach: first, district court judges are to distinguish factual allegations from legal conclusions, since only the former need be accepted as true; then, they must decide on the basis of the factual allegations and their "judicial experience and common sense" whether a plausible claim for relief has been shown. Iqbal, 129 S.Ct. at 1960.

*Geller v. Von Hagens*, 2010 WL 4867540, at *3, No. 8:10–CIV–1688–EAK–AEP (M.D. Fla. 2010).  Applying this plausibility standard to the claim for damages, the Court in *Geller* concluded:

> As to damages, Defendants' point is well-taken. Plaintiffs did not sufficiently show under the new plausibility standard facts that demonstrate damages to Plaintiffs, other than to say they "have suffered and will continue to suffer irreparable damage to their business and reputation."11 This is conclusory. Therefore, Plaintiffs have to re-plead to show facts proving damages.

*Id. at *4*.

In the case at bar, the Complaint suffers from the same infirmity.  GBX has not alleged any act or omission on the part of the DLA Canada Defendants that plausibly resulted in any damages to GBX.  The Complaint goes to great lengths to allege DLA Canada mishandled the representation of GBX.  The glaring omission in the Complaint is any allegation as to *precisely* how GBX suffered any damages as a result of these alleged acts.  GBX simply states that as a result of the "collective mishandling of the Retention, intentional lack or delayed communications, and the ultimate resulting abandonment of the application, GBX has incurred substantial emotional and financial damages." ECF No. `1¶ 47.  The Complaint is devoid of any facts that would show how Plaintiff was damaged by the alleged conduct of Defendants.

Case 0:20-cv-60747-RKA   Document 24   Entered on FLSD Docket 09/25/2020   Page 20 of 20

GBX Technology, LLC v. DLA Piper LLP (US), et al.
Case No.: 20-cv-60747-RKA

## IV. CONCLUSION

Defendants DLA Canada and Alan Macek respectfully request that the Court dismiss the Complaint for lack of personal jurisdiction, or, in the alternative, for failure to state a cause of action.

> MCDONALD HOPKINS, LLC
> Attorneys for Defendants DLA Piper LLP (Canada) and Alan Macek
> 505 South Flagler Drive, Suite 300
> West Palm Beach, FL 33401
> Telephone: (561) 472-2121
> Facsimile: (561) 472-2122
> Primary e-mail: mruiz@mcdonaldhopkins.com
> Secondary e-mail: ltimoteo@mcdonaldhopkins.com
>
> By: */s/ Mario M. Ruiz*
>     MARIO M. RUIZ
>     Florida Bar No. 894590

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to counsel listed on the Service List below.

## SERVICE LIST

Joycelyn S. Brown, Esq.
IPS Legal Group, P.A.
1951 N.W. 7th Avenue
Suite 600
Miami, FL 33136
Telephone: (786) 539-5098
Email: jbrown@ipslegalgroup.com
*Counsel for Plaintiff*