

EXHIBIT
A

**DLA Piper** (Canada) LLP
Suite 6000, 1 First Canadian Place
PO Box 367, 100 King St W
Toronto ON  M5X 1E2
www.dlapiper.com

Vincent Man
vincent.man@dlapiper.com
**T**  416.862.3367
**F**  416.369.7917

March 14, 2017

**DELIVERED BY EMAIL**

**PRIVILEGED AND CONFIDENTIAL**

Mr. Giancarlo Bregante
GBX Technology LLC
10500 NW 50th Street, Suite 201
Sunrise, Florida  33351
United States of America

RE:      Engagement Letter

**1.      Scope of Our Engagement**

You have retained us to provide legal services with respect to preparing and prosecuting one or more patent applications relating to wireless inventory technology, and to represent us as agent of record with full power to appoint an associate agent and to revoke such appointment, to sign and file petitions and applications, to amend and prosecute such applications and take and/or defend all such actions, steps, interlocutory proceedings, appeals, and to carry out such other proceedings or steps in respect thereof on our behalf as the Firm may consider proper.

We will provide the legal services which in our professional judgment are reasonably necessary and appropriate to carry out our engagement.  We confirm that we are not providing legal services except as described above and upon completion of the engagement, we will close our file, and unless specifically retained in writing to do so, will not monitor or advise you of subsequent legal developments relating to this matter.

**2.      The Clients**

We will be representing GBX Technology ("you") in this matter. even though in certain instances the payment of our fees may be the responsibility of Christie Lites Enterprises Canada Inc.

Except as noted above, our representation of you does not include the representation of related persons or entities, such as the individuals or entities that are shareholders, directors or officers of a corporation, its parent, subsidiaries or affiliates; partners of a partnership or joint venture; or members of a trade association or other organization.  In acting for you, we are not acting for or taking on any responsibilities, obligations or duties to any such related persons or entities and no lawyer-client or other fiduciary relationship exists between us and any such related persons or entities.

CAN: 23929093.1



**3.     Responsible Lawyer and Staffing**

Your primary contact with DLA Piper (Canada) LLP will be Vincent Man whom we refer to as the "responsible lawyer" who will provide or supervise the provision of legal services and report to you.  Other lawyers in the Firm, as well as legal assistants and articling students, may be asked to assist to ensure that services are provided at appropriate levels of expertise and cost effectiveness.

**4.     Instructions**

We will accept instructions from those in your organization who have apparent authority in this matter, unless you instruct us otherwise.

**5.     Confidentiality and Conflicts**

We will at all times protect your confidential information, subject only to applicable law and our professional and ethical obligations.

Because we owe this duty to all our clients, we cannot disclose to you information we hold in confidence from others (even if relevant to our representation of you) or disclose to others information we hold in confidence for you (even if relevant to our representation of those others).

While you are a client, we will not take on any matter that would create a substantial risk that our representation of you on this matter would be materially and adversely affected (a "conflicting interest").

We do not normally consider ourselves to have a conflicting interest because we represent another client who is a business competitor, customer or supplier of yours; or is asserting through us legal positions or arguments that may be inconsistent with those you are asserting or may wish to assert; or is adverse in interest in another matter to an entity with which you have a relationship through ownership, contract or otherwise.  Unless you have asked us to perform a search against particular entities described in one of the above categories, our conflict search will not identify any issues arising from our representation of them.

We are not aware of any current matters where we act on behalf of other clients which create a conflicting interest.  If we learn, while we are representing you, that we are engaged in a matter which creates a conflicting interest, we may ask for your agreement to our continuing to act on terms satisfactory to all concerned but we will not accept a new engagement where that is the case without first obtaining your informed consent.

Your consent means that while we are representing you in this matter, we could represent another client in an unrelated matter that is adverse to your interests including a lawsuit, negotiation, financing transaction, auction or other acquisition transaction, regulatory proceeding, insolvency, restructuring or other matter.

We are relying on the consents described above in agreeing to represent you in this matter and we will not be seeking any further consent from you or consulting with you before advising, acting for or representing another client with interests adverse to yours. We therefore recommend that you seek advice from independent legal counsel *(which may include your in-house counsel)* if you have any questions concerning the implications of providing this consent.



*Privileged and Confidential*

6.      **Joint Representation**

We have been asked by you and Christie Lites Enterprises Inc. to jointly represent you and Christie Lites Enterprises Inc. in this matter. We understand from you and Christie Lites Enterprises Inc. that there are currently no contentious issues between you. However, because of the potential for conflict that arises whenever we are representing more than one client in the same matter in which each client has separate and potentially conflicting interests, we can only accept such an engagement if (i) we believe that we can provide competent and diligent representation to each client, and (ii) we have the informed consent of each client to the terms of the joint retainer as they relate to conflicts and confidentiality.

Because we are jointly representing each of you under this engagement, under our professional and ethical obligations, (i) no information received by us from either of you in connection with this matter can be treated as confidential insofar as each other is concerned and (ii) if a conflict develops between you that cannot be resolved,

You acknowledge that our firm has a long-standing and continuing relationship with Christie Lites Enterprises Canada Inc. who remains our primary client in this matter and you have agreed that if you take a position that is adverse to Christie Lites Enterprises Canada Inc, we will cease acting for you, you will retain other counsel, and you consent to our firm continuing to act for Christie Lites Enterprises Canada Inc whether in this matter or another matter in which your interests are directly adverse to Christie Lites Enterprises Canada Inc, and you will not assert that our prior representation of you prevents us from acting for Christie Lites Enterprises Canada Inc.

We recommend that you take the opportunity to consult with independent legal counsel regarding the terms of this joint representation.

7.      **Termination**

You may terminate your engagement of us for any reason prior to the completion of this engagement by giving us written notice to that effect.  We will assist in transitioning uncompleted work to the counsel selected by you.  Such termination will not affect your obligation to pay for legal services and expenses incurred up to the time of, or resulting from, such termination.  Subject to our professional and ethical obligations, we may terminate our legal representation of you prior to the completion of this engagement for any reason including as a result of conflicts of interest that arise, unpaid legal fees and costs, or your failure to increase the retainer by the date specified.  If the termination of our legal representation necessitates our withdrawal as your counsel of record in a Court proceeding, you irrevocably consent to our withdrawal in such circumstances.

Unless our engagement has been previously terminated, our representation of you will cease upon receipt by you of our final account for services rendered.  If, upon termination or completion of this engagement, you wish to have any documentation returned to you, please advise us.  Otherwise, any documentation that you have provided to us and the work product completed for you will be dealt with in accordance with our records retention policies and practices.  Please note that our records retention policies and practices may not be synchronized with yours.  If you have any concerns about what we retain in our records or dispose of, you must alert us to your concern. Absent written agreement with you to the contrary, we are free to retain or destroy the records we possess with respect to this engagement as we determine to be appropriate.

The fact that we may subsequently send you information on legal developments without charge or that we may include you in general mailings will not change the fact that our engagement has been terminated.



When you are no longer a client, under applicable professional rules we may represent another client in a matter adverse to your interests if the other matter is unrelated and we protect your confidential information.  You acknowledge that the timely establishment of a conflict screen will be sufficient protection of the confidentiality of such information.

**8.     Electronic Communications**

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you using commercially available software.  Unfortunately, the available technology is vulnerable to attack by viruses and other destructive electronic programs.  As a result, while we have sought to take countermeasures, our system may occasionally reject a communication you send to us, or we may send you something that is rejected by your system.  Accordingly, we cannot guarantee that all communications and documents will always be received, or that such communications and documents will always be virus free, and we make no warranty with respect to any electronic communications between us. In addition, we make no warranty with respect to the security of any electronic communication between us and you consent to our exchange of electronic communications, including confidential documents, unencrypted.

**9.     Legal Fees**

Our fees are based on our assessment of the reasonable value of our services.  To assist us in determining that value, we assign hourly billing rates to each of our lawyers and legal assistants, and record the time spent (in increments of one-tenth of an hour) and services rendered by each of them on the matter.

Currently, the billing rates for the lawyer who will be involved in this matter is

Vincent Man     $500.00 per hour

It may be necessary to involve other lawyers, articling students and legal assistants to work on this matter, in which case their time will also be recorded and billed at their current hourly rates.

Our rates may change to reflect increases in our costs, the increased experience and abilities of our lawyers and legal assistants and other factors.  If our rates change before this matter has been completed, the new rates will apply to the balance of the engagement.

We would be pleased to provide an estimate of legal fees and costs that we anticipate will be incurred, and to provide updated estimates as the matter progresses.  Because of the inherent difficulty of predicting the amount of time a particular matter will require and the course the engagement will take, the estimate will be an approximation only.  Our actual fees and costs may vary, possibly significantly, from the estimate.  Estimates are based on the circumstances as we understand them at the time and on assumptions about events that will affect the scope and nature of our work.

We will revisit this fee if these assumptions prove incorrect, or in the unlikely event that we can complete the matter without having to perform all of the work assumed to be involved.

**10.    Costs**

In addition to legal fees, the costs that we incur in connection with this matter will be billed to you.  Costs typically include long distance telephone charges, messenger and express delivery charges, postage and



*Privileged and Confidential*

courier charges, computer research charges, word-processing charges, printing and reproduction costs, overtime costs for administrative staff, facsimile transmission costs, travel expenses, filing charges, court reporter fees for examinations and transcripts, witness fees, fees for service of legal process and other costs and expenses.

Where we obtain these services directly from outside suppliers, we bill you the amount billed to us. Where the amounts charged for these services are significant, we may forward the invoices from these outside suppliers directly to you, in which case, you will be responsible to pay the invoices, in accordance with their terms, directly to the outside supplier.

It may be necessary for us to engage outside experts, to assist in this matter. We will consult with you before retaining any experts. It may also be necessary for us to retain lawyers and others as agents in other jurisdictions. Fees for outside experts and agents in other jurisdictions are not included in our legal fees. Ordinarily, you will be asked to pay the invoices, in accordance with their terms, directly to these parties.

## 11.    Payment

Our invoice for fees, costs and any applicable taxes will be sent to you monthly and at the closing of the file and are payable on receipt. Interest is charged on amounts outstanding greater than 30 days at an annual rate set by us from time to time which will be shown on each invoice. Each invoice will provide a detailed summary of the services provided. You will appreciate that our continued work on this matter is contingent on the timely payment of our invoices and the honouring of the financial retainer arrangement. Time shall be of the essence and if any invoice is unpaid after 30 days, or if you fail to increase the retainer upon request by the date specified, we reserve the right, in our sole discretion, to take one or more of the following actions. We may cease providing legal services until such time as financial terms satisfactory to DLA Piper (Canada) LLP are agreed upon, terminate any or all engagements with you, withdraw as counsel of record in any Court proceeding in which we may be acting for you, or commence legal proceedings to recover any unpaid invoices and you irrevocably agree to pay the actual legal fees and costs on a solicitor and own client basis incurred by us in taking such proceedings.

If you have requested electronic invoices either by direct e-billing to a program of yours, or by e-mail, we will endeavour to comply to the extent permitted by the applicable regulatory body, and where such regulatory body requires a lawyer's signature in connection with such invoices, you consent to such signature being provided electronically or digitally.

## 12.    Trust Accounts

We maintain trust accounts for all clients' funds which come into our hands. The funds are deposited in a common trust account the interest on which is remitted by the financial institution to non-profit foundations established under legislation in the jurisdictions in which we practice. The rules for the maintenance of trust accounts, including the use of a common trust account are prescribed by the law societies of the jurisdictions in which we practice. An itemization and accounting will be carefully maintained for all trust account transactions.

The trust accounts we maintain in Canadian chartered banks are insured to a fixed limit by the Canada Deposit Insurance Corporation which does not insure trust deposits in foreign currencies (including US dollars). To the extent your deposits with us are in a foreign currency, you consent to those funds being held in a trust account that is not insured.



*Privileged and Confidential*

**13.  Personal Information Requirements**

We will collect and disclose personal information about you to the extent required to provide legal services to you and to comply with applicable laws, regulations, and professional rules of conduct, including "know your client" rules imposed by Law Societies throughout Canada which require us to obtain and keep certain information about clients and persons instructing us, and to verify that information with government issued documents when engaged for a financial transaction.  Our collection, use and disclosure of personal information is subject to our professional duties of confidentiality and our privacy policy which is available on our website (www.dlapiper.com).

**14.  Further Engagements**

These terms of engagement will apply to all future legal services provided by us whether arising from the current engagement or in respect of new matters unless other terms are agreed upon and confirmed in writing.

**15.  Governing Law and Attornment**

The terms of our engagement with you is governed by the laws of Ontario and the federal laws of Canada.  Any dispute between us will be dealt with exclusively in the courts of that Ontario and you agree to attorn to the jurisdiction of such courts.

**16.  Commercial Electronic Messages (CEMs)**

We offer the opportunity to follow key industry developments and changes in the law that could affect you or your organization. In compliance with Canada's Anti-Spam Legislation, we require your consent to send you CEMs periodically in the form of electronic bulletins, newsletters, and event invitations. If you wish to receive this complimentary service, please complete the form attached to this letter to provide your consent. Please note that your consent may be withdrawn at any time.

Please confirm the terms of our engagement by signing the enclosed duplicate copy and returning it to my attention.

Again we thank you for selecting DLA Piper (Canada) LLP to provide legal services to you.

Sincerely,
**DLA Piper (Canada) LLP**
Per:

Vincent Man
Associate

VM
Enclosure



*Privileged and Confidential*

The terms above are agreed and accepted

By:_____

Date:_____

Name: _____

Title:_____