| EXHIBIT B | |
| --- | --- |

File No.:
Responsible Lawyer:

# RETAINER

To:

**Dimock Stratton LLP**
20 Queen Street West, 32nd Floor
Toronto, Ontario, Canada M5H 3R3
Telephone: 416.971.7202
Facsimile: 416.971.6638

General Email: firm@dimock.com
Patent/ Trademark Instructions: docketing@dimock.com

We, GBX Technology (the "company"), hereby retain Dimock Stratton LLP (the "Firm") and authorize the Firm to act on our behalf with respect to preparing and prosecuting one or more patent applications relating to wireless inventory technology, and to represent us as agent of record with full power to appoint an associate agent and to revoke such appointment, to sign and file petitions and applications, to amend and prosecute such applications and take and/or defend all such actions, steps, interlocutory proceedings, appeals, and to carry out such other proceedings or steps in respect thereof on our behalf as the Firm may consider proper.

We confirm that the Client Identification Information provided in Schedule "A" to this Retainer is accurate and up to date, and agree to promptly provide the Firm with updated Client Identification Information in the event such information changes.

EXHIBIT A

We hereby provide an initial financial retainer amount of $0 which we recognize is not an estimate of fees and disbursements likely to be incurred at any stage of the work do be done on my behalf. This initial financial retainer will be placed in the Firm's trust account and may be applied to future invoices.

I hereby undertake on behalf of myself and the company to pay promptly all fees and disbursements invoiced by the Firm in respect of the above matters, including interest on all unpaid fees and disbursements calculated from a date one month after the Firm's invoice is delivered at a rate of interest chargeable in accordance with the provisions of Section 33 of the Solicitors Act, R.S.O. 1990, c. S.15, as it may be amended from time to time.

We understand that this Retainer is part of a joint retainer with Christie Lites Enterprises and Huntly Christie. The Firm has explained the nature of a joint retainer to me, in particular that any information provided by me to the Firm in respect of this matter cannot be withheld from the other parties to the joint retainer.

We understand that an actual or potential conflict of interest may arise between us and one or more of Christie Lites Enterprise and Huntly Christie that may render the Firm incapable of representing one or more of the other parties. In the event the Firm can no longer represent me in this matter, we hereby consent to the Firm continuing to represent Christie Lites Enterprises.

We confirm that we are aware that the Firm acts regularly for and have a continuing relationship with Christie Lites Enterprises and Huntly Christie, and that we have been informed by the Firm of our right to seek independent legal advice in respect of this joint retainer. We hereby waive

- 2 -

any conflict of interest that could result from the Firm acting as counsel to the other parties to this joint retainer.

We have read, understood and agree to the terms and conditions of the Firm's retainer, including those set out in the attached Schedule "B".

DATED at _____, _____, this _____ day of March, 2016.


Signature: _____

Per: (insert title if applicable): _____

# SCHEDULE "A"

**CLIENT IDENTIFICATION INFORMATION - ORGANIZATION**

| | |
|---|---|
| **Name** | **Giancarlo Bregante** |
| **Business Address** | **10242 NW 47th Street, Suite 44, Sunrise, Florida 33351, USA** |
| **Business Phone No.** | **754-246-6064** |
| **Corp. No. and Place of Incorporation** | **[]** |
| **Name, Position and Contact Information of persons authorized to give instructions (attach schedule if necessary)** | **Giancarlo Bregente, President** |
| **Address, telephone number, and email address to which all communications may be sent is to the above address and to the attention of:** | **Same as above, addressed to Giancarlo Bregente.**<br><br>**Email: gbregente@gbxtechnology.net** |
| **I/we authorize the Firm to communicate with me/us using the above email address. Yes/No** | |

**Please review the "Communications and Confidentiality" portion of Schedule "B" to this retainer for important information about protecting your confidentiality and legal privilege.**

- 4 -

# SCHEDULE "B"

## DIMOCK STRATTON LLP
## AGENCY REPRESENTATION TERMS AND CONDITIONS

**CARRIAGE OF FILE**

1. A file is normally assigned to one person in the Firm who may have others assist from time to time. The person responsible for your file or files will try to be reasonably available to discuss the matter with you, however he or she cannot be expected to always be available. You may also contact or be directed to other persons working on your file or to the secretary of the person responsible for the matter.

2. Your file may require different services that are performed by various members of the Firm, such as patent and trademark agents, lawyers, clerks, administrators, and law students. Where appropriate, and unless you object, the Firm attempts to have junior lawyers involved, on a supervised basis, so that the most cost effective service can be provided. The Firm members involved will be decided in consultation with you, where appropriate.

**COMMUNICATIONS AND CONFIDENTIALITY**

3. The communications between you and the Firm are confidential. Many of these communications are also protected by lawyer-client privilege or patent agent privilege (where your matter relates to United States patent prosecution). This is a protection that belongs to you, and can only be waived by you.

4. Email communication is favoured by many clients. However, you should be aware that the confidentiality and/or privilege attached to any communication, including email, phone conversations, mail, voicemail, facsimile, and online meetings (e.g. WebEx) may be inadvertently breached if you improperly share the communication by allowing other persons to participate in or access the communication, or fail to prevent unauthorized access to such communication. You should not post confidential or privileged information to social networking sites, even to a restricted group of contacts, as such an action can compromise privilege and confidentiality.

5. In addition, you should be aware that you may unintentionally waive your lawyer-client privilege or destroy the confidentiality of our communications if you use an email or other messaging account that does not belong to you. Do not use your "work" email or other messaging account, fax machine, or voicemail service (e.g., one that is provided by your employer) to communicate with us, as this may compromise your privilege. You should also be aware that certain types of communications (e.g., email) may be intercepted during the course of transmission, resulting in an inadvertent breach of confidentiality and/or privilege in the communication.

6. If you provided an email address in Schedule "A", or if you contact the Firm by email after retaining us, the Firm will presume that you have consented to use email to communicate with the Firm and that you understand the risks of inadvertent disclosure and loss of privilege and confidentiality discussed above. If you wish to revoke this consent, please provide us

with instructions to use an alternate means of communication as soon as possible. Certain alternate means of communication may incur a disbursement that will be payable by you.

7. In some cases, it may be appropriate for us to use extra digital security in communicating by email or other electronic means. For example, we can send encrypted messages and attachments. We will raise the issue of digital security with you as appropriate; however, you can at any time raise this issue with us.

8. The Firm may provide you with access to a secure website or service for sharing or reviewing documents relating to your file. This access may take the form of a hyperlink and/or account credentials (e.g., a user ID and password). You must not share these hyperlinks or credentials with any party without confirming with us first that they can be shared without compromising your privilege and confidentiality.

9. If you have concerns about preserving the confidentiality or privilege in a communication that you wish to share with others, please contact the Firm before sharing the communication with others so that we can properly advise you.

**PROVIDING INFORMATION, INSTRUCTIONS, AND RETAINERS**

10. In order for the Firm to properly serve you we need you to give us complete instructions when needed, full and frank disclosure of all relevant facts, to respond fairly and accurately to all questions put, and to advise us whenever you do not understand what is being done or when new or other facts and events relating to your file occur or are discovered. We will keep your information and disclosures confidential and privileged to the full extent that the law permits.

11. Patent and trademark agency work requires meeting certain deadlines imposed by Patent and Trademark Offices to provide documents, information, and fees, failing which applications may become abandoned and rights can be lost. You agree to:

    a.  provide us with prompt and complete instructions to enable us to prosecute your application(s) and maintain your rights;

    b.  promptly provide additional financial retainers as we may request; and

    c.  ensure that we have up-to-date contact information for you so that we are able to report events and seek instructions from you.

You acknowledge and understand that your failure to provide timely instructions, retainers and/or current contact information may jeopardize your rights, and we cannot be held responsible under these circumstances.

12. In the case of United States utility patent and design patent applications, you acknowledge and understand that you, and the inventor(s) of the subject matter of the utility or design patent application, have a duty of candour and good faith in dealing with the United States Patent and Trademark Office. Accordingly, you hereby acknowledge the ongoing duty to disclose to us and to the United States Patent and Trademark Office all information known to you or to the inventor(s), that may be material to patentability of your invention as defined 37

CFR 1.56. For continuation-in-part applications, this includes material information which became available between the filing date of the prior application and the national or PCT International filing date of the continuation-in-part application. If you or the inventor(s) become aware of such information, you agree to disclose it to us and provide copies of relevant documents, where possible, promptly and without undue delay.

**FEES AND DISBURSEMENTS**

13. Many of the Firm's patent and trademark services are charged on a tariff basis rather than on an hourly rate basis. Tariff fees and fees based on hours worked will be at our guideline rates in effect when the services are rendered. You will be charged a fair and reasonable fee for services rendered on your behalf, and you are invited to discuss fees at any time with the person responsible for your file.

14. Where a cost estimate is requested, we will endeavour to estimate fees and disbursements as accurately as possible, but you must appreciate that the nature of agency work often does not allow for a precise determination of costs in advance. In some cases, we may agree on a flat rate for specific tasks in view of our current understanding of the scope of work. However, you agree that unforeseen developments or your additional instructions may affect the scope of work, thus voiding the prior agreement to the flat rate.

15. Disbursements relating to your file may be made by the Firm on your behalf. For example, we may retain other parties such as foreign patent or trademark agents or attorneys, technical experts, and searchers in order to properly serve you. Where this is the case, we will retain an agent or searcher of our choice unless you specifically instruct otherwise. All disbursements will be billed to you at cost, with no additional administrative fee or charge. Chargeable disbursements include, among others, government fees, foreign agents' or attorneys' charges, searchers' or other service providers' charges, travel, postage, messenger delivery, long distance telephone calls, conference call charges, facsimile charges, use of computerized research facilities and document duplication.

16. You have been asked to pay an initial retainer of $0 on account of fees and disbursements. This retainer may in our option be applied to fees as they are billed to you and to disbursements as they are incurred. Further retainers may be required from time to time as the matter progresses and/or as retainers are exhausted. The amount of the retainer will vary according to the nature and expected complexity of the matter, and disbursements expected to be incurred. If we request a retainer to cover fees and/or disbursements to be incurred on your behalf, we reserve the right not to incur those fees or disbursements until the retainer is received.

17. Fees and disbursements may be billed as steps in the matter are completed, or bills may be issued monthly. Absent an agreement otherwise, each bill is a final bill. The form of billings will generally follow that recommended by the Law Society of Upper Canada.

18. Fees and disbursements are payable upon presentation of our bill if any retainer is insufficient to cover the amount owing. We require prompt payment of all our bills. We reserve the right to postpone or defer providing additional services and to discontinue our representation, including removing ourselves as agent of record before a Patent or Trademark Office, without notice to you if further retainers are not provided or billed amounts are not

paid when due. We also reserve the right to impose a late charge on any billed amounts that remain unpaid for 30 days.

**MAINTENANCE OF YOUR FILE**

19. The Firm may maintain your file in electronic form only. Certain correspondence from Patent and Trademark Offices, or from foreign firms we retain on your behalf, may be received by us in paper form. With the exception of certificates of grant or registration, we may, at our option, retain a copy of the correspondence containing this information in electronic form only, and either mail the original to you or destroy the original. If you request that we maintain a paper file on your behalf, we may levy an additional file maintenance charge.

**TERMINATION OF RETAINER**

20. You may terminate this retainer at any time. The Firm may terminate this retainer with your consent or for good cause. Good cause includes your breach of this retainer agreement (including failure to pay our bills when due), your refusal to cooperate with the Firm or to follow our advice on a material matter, or any circumstance that would render the our continued representation of you either unlawful or unethical. Should the Firm terminate this retainer for a reason other than non-payment of bills, we will provide, at no further cost, a complete copy of the Firm's file in this matter and provide transitional assistance to any successor solicitors.

21. Upon termination of this retainer, all fees and disbursements shall be due and payable immediately. The Firm may subsequently send the you information on legal developments, without charge, and include you in general mailings, neither of which will change the fact that the engagement has been terminated.

**CONFLICTS**

22. While the Firm represents you, the Firm will not act for another client in a matter which creates a conflicting interest unless you consent. The Firm's acceptance of your matter is on the basis that you consent to the Firm's representation of other clients in other matters that may be adverse to your interest and to the Firm's representation in other matters of the party that is adverse to you in this matter provided that, (i) the other matter is not the same as or related to any matter in which the Firm is then representing  you, and (ii), the Firm protects the your confidential information.

**GOVERNING LAW**

23. This retainer shall be subject to and interpreted in accordance with the laws of Ontario.